**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50347 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-01291-LAB-1 |
| v. | |
| JULIAN MADERO-DIAZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted February 12, 2019[**]
Pasadena, California

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and KORMAN,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Julian Madero-Diaz, a citizen of Mexico, appeals his conviction, following a bench trial, for illegal reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review questions regarding the constitutionality of a statute de novo." *See United States v. Bynum*, 327 F.3d 986, 990 (9th Cir. 2003).

Madero sets forth an equal protection challenge under the Fifth Amendment's Due Process Clause to 8 U.S.C. § 1326 in light of *Sessions v. Morales-Santana*, — U.S. — , 137 S. Ct. 1678 (2017). Madero's challenge is purely facial; he does not claim that either of his parents were United States citizens or that he was denied derivative citizenship due to the gender-based distinction held invalid in *Morales-Santana*.

In *Morales-Santana*, the Supreme Court held that "[t]he gender-based distinction infecting §§ 1401(a)(7) and 1409(a) and (c) . . . violates the equal protection principle" implicit in the Fifth Amendment's Due Process Clause. *Morales-Santana*, 137 S. Ct. at 1700–01. Rather than striking the entire statute, the Supreme Court struck down only the one-year physical-presence exception for unwed U.S.-citizen mothers and held that, going forward, § 1401(a)(7)'s five-year requirement for unwed U.S.-citizen fathers "should apply, prospectively, to children born to unwed U.S.-citizen mothers." *Id.* at 1701. In removing the exception for unwed mothers, the Supreme Court chose the course that it believed

2

Congress would have taken in amending the statute. *See id.* at 1700–01. Madero's facial equal protection challenge rests solely upon the gender-based distinction in §§ 1401(a)(7) and 1409(a) and (c) held invalid by *Morales-Santana*.

Pursuant to the severability clause in the Immigration and Nationality Act ("INA"), the remainder of §§ 1401 and 1409, which provides other methods for determining citizenship and for imposing penalties for illegal entry into the United States, was not affected or declared unconstitutional by *Morales-Santana*. *See* 8 U.S.C. § 1101 note ("If any provision of this title . . . is held invalid, the remainder of the title . . . shall not be affected thereby."); *see also I.N.S. v. Chadha*, 462 U.S. 919, 931–32 (1993) (declaring the veto clause of 8 U.S.C. § 1254(c)(2) unconstitutional, but holding that the severability clause in 8 U.S.C. § 1101 "plainly authorized the presumption" that the remainder of the INA stands). Thus, Madero was not "convicted under a law classifying on an impermissible basis." *Cf. Morales-Santana*, 137 S. Ct. at 1699 n.24.

Our rejection of Madero's constitutional challenge is consistent with district court decisions addressing this claim. *See United States v. Valdivia-Munoz*, No. 18-mj-20433-RNB-H-1, 2018 WL 5311742 (S.D. Cal. Oct. 26, 2018); *United States v. Ayun-Flores*, No. 16cr1115-BEN, 2017 WL 4391701 (Oct. 2, 2017); *United States v. Hernandez-Gamez*, No. 17cr917-BEN, 2017 WL 4125079 (S.D. Cal. Sept. 18, 2017).

**AFFIRMED.**